# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Vincent Elliott Wilson,** | ) | **CASE NO. 1:23 CV 1635** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Sheriff Jose Quiroz,** | ) | |
| | ) | |
| Respondent. | ) | |

    *Pro se* Petitioner Vincent Elliott Wilson is a Virginia state pretrial detainee awaiting trial in the Arlington County General District Court in Arlington, Virginia. He is currently incarcerated in the Arlington County Detention Facility. Wilson filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to complain about the conditions in the detention facility which include the lack of proper medical care and his confinement to his cell for 23 hours per day. He asks this Court to order his transfer to another jail, or his release.

    As an initial matter, this Court lacks jurisdiction over this petition. A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494 95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief,

but upon the person who holds him in what is alleged to be unlawful custody"). Therefore, this Court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. Because Petitioner's custodian is the warden of the Arlington County Detention Facility in Virginia, and this Court does not have personal jurisdiction over his custodian, the Court lacks jurisdiction over this habeas petition.

Generally, this Court may transfer a petition to a court which has jurisdiction over the petitioner's custodian if it finds that it is in the interest of justice to do so. 28 U.S.C. § 1631. All of the claims in this petition, however, pertain to Petitioner's conditions of confinement in the Arlington County Detention Center. Relief under § 2241 is not available to review questions unrelated to the cause of detention. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/8/23